UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Liam Evanina, | : | ELECTRONICALLY FILED |
| Plaintiff, | : | |
| | : | NO.: |
| V. | : | |
| | : | Judge: |
| | : | |
| Lackawanna College. | : | Civil Action-Law |
| | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

## COMPLAINT

**AND NOW,** come the Plaintiff, Liam Evanina, by and through his attorneys, The Hanchulak Law Offices, P.C., and avers as follows:

### I. INTRODUCTION

1. Plaintiff initiates this action to seek redress against Lackawanna College, (hereinafter "Defendant"), his former employer, for unlawful Interference/Restraint in violation of the Family and Medical Leave Act of 1993 (hereinafter FMLA), and unlawful Retaliation in violation of the FMLA.

### II. PARTIES

2. Plaintiff is an adult and competent individual residing at 1000 East Scott St., Olyphant, PA 18447.

3. Defendant, Lackawanna College, is a private, non-profit with a principal place of business located at 501 Vine St., Scranton, PA 18509.

## III. JURISDICTION

4. Defendant is an "employer" within the meaning of the FMLA, as it engaged in an industry affecting interstate commerce and because it maintained or maintains fifty (50) or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

5. Pursuant to 28 U.S.C. § 1331 this court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

6. Venue in the Middle District is proper pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claim occurred in the District and the Defendant can be served in the District.

## IV. FACTUAL BACKGROUND

7. Plaintiff began his work with the defendant as a security guard in May of 2023.

8. On July 12, 2024, plaintiff's son was born with complications that required medical attention, resulting in frequent subsequent doctor's appointments. Plaintiff's wife likewise suffered complications and required aid.

9. In July of 2024, in the days following his son's birth, plaintiff applied for unpaid FMLA leave to render care to his child.

10. The day plaintiff applied for unpaid FMLA leave, plaintiff was granted unpaid FMLA leave, and it was backdated to his child's birthdate of July 12, 2024.

11. Plaintiff was qualified for and was to be granted twelve consecutive weeks of FMLA leave from July 12, 2024, through October 12, 2024.

12. During plaintiff's leave, defendant frequently contacted him, at least once per week, if not more often, asking him to come into work.

13.     Defendant frequently asked plaintiff to work weekends during his FMLA leave. It is noteworthy that plaintiff's wife and child needed his assistance 7-days a week.

14.     On August 24, 2024, plaintiff was scheduled to work August 24, 2024 through August 26, 2024, although he should have been on FMLA leave through October 12, 2024.

15.     Plaintiff did not work these shifts, because he was still on FMLA leave and was not required to do so.

16.     On Monday, August 26, 2024, Steven Krieger and Peter Mose, called plaintiff and terminated him in a voicemail contending plaintiff was a no-call, no-show, on the dates reflected in paragraph 14 above.

17.     Plaintiff was granted FMLA leave effective until October 12, 2024. Defendant should not have had any expectation for plaintiff to return to work on August 24, 25, or 26, 2024, before his FMLA leave had expired.

## COUNT I
## FMLA INTERFERENCE/RESTRAINT

18.     Paragraphs 1 through 17 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

19.     As stated above, the plaintiff applied for and was granted unpaid FMLA leave in July of 2024.

20.     During plaintiff's unpaid leave the defendant regularly contacted him, once or more weekly, at home to say they need him to return to work. In response, plaintiff explained he had to care for his child.

21.     When employees invoke rights protected by FMLA, employers may not "interfere with, restrain, or deny the exercise of or the attempt to exercise" these rights. 29 U.S.C. § 2615 (a) (1). To do so constitutes interference.

22. The defendant herein interfered with the legal and proper exercise of FMLA rights by the plaintiff.

23. As a result of the defendant's unlawful interference, plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff respectfully requests judgement in his favor and against Defendant, and an award of compensatory damages, back pay, front pay, the value of lost benefits, liquidated damages, costs, attorney's fees, and such other relief as may be just, proper, and appropriate in the circumstances of this case.

## COUNT II
## FMLA RETALIATION

24. Paragraphs 1 through 23 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

25. As indicated above, plaintiff invoked his rights to FMLA benefits, by asserting and exercising his right to twelve weeks of unpaid FMLA leave.

26. Plaintiff suffered an adverse employment action on August 26, 2024, when his employment was terminated.

27. Plaintiff's termination was in retaliation for his exercise of his rights under the FMLA.

28. Employers cannot "discharge or in any manner discriminate against any individual for opposing any practice made unlawful" under the FMLA. 29 U.S.C. § 2615 (a) (2). This constitutes retaliation.

29. The defendant herein retaliated against the legal and proper exercise of FMLA rights by the Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgement in his favor and against Defendant, and an award of compensatory damages, back pay, front pay, the value of lost benefits, liquidated damages, costs, attorney's fees, and such other relief as may be just, proper, and appropriate in the circumstances of this case.

                              Respectfully submitted,
                              THE HANCHULAK LAW OFFICES, P.C.

                              By:   <u>s/Gerald J. Hanchulak</u>
                                     Gerald J. Hanchulak, Esq.
                                     Attorney ID PA 56320
                                     Attorneys for Plaintiff

345 Wyoming Avenue, Suite 205
Scranton, PA   18503
(570) 319-6642
ghanchulak@hanchulaklaw.com